

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-11-2009

# Michelle Galvani v. Comm of PA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4674

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Michelle Galvani v. Comm of PA" (2009). *2009 Decisions.* Paper 1379.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1379

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4674
_____

MICHELLE GALVANI

v.

COMMONWEALTH OF PENNSYLVANIA; DISTRICT COURT ADMINISTRATION
FOR YORK COUNTY; STEVEN M. CARR; CHARLES M. WILLIAMS; NANCY
WILLIAMS; GEORGE SWARTZ, Esq.

Michelle Galvani; A.W. and E.J. (Pursuant to F.R.A.P. 12(a)),
Appellants

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 08-00393)
District Judge:  Honorable Christopher C. Conner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 13, 2009
Before: FISHER, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: May 11, 2009)
_____

OPINION
_____

PER CURIAM

Michelle Galvani appeals from an order of the United States District Court for the Middle District of Pennsylvania dismissing her claims arising out of a child custody matter. We will affirm.

On March 3, 2008, Galvani filed a complaint against the Commonwealth of Pennsylvania, District Court Administration of York County ("DCA York"), Steven M. Carr, Charles Williams, Nancy Williams and George Swartz, Esq., alleging that defendants unlawfully seized her children, A.W. and E.J., from her in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution and state law.[1] Galvani asserted claims under 42 U.S.C. §§ 1983, 1985, 1986, the Pennsylvania Constitution and Pennsylvania tort law. Defendants moved to dismiss the complaint for failure to state a claim, and the District Court granted the motions. Galvani timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We review orders granting a motion to dismiss de novo. Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008).

Galvani alleges that on January 8, 2008, defendant Carr, a conciliator at the DCA York, "seized" her children at a custody conciliation conference. Thereafter, an interim order issued granting the Williamses shared custody of their grandchildren. However, Galvani asserts that there was no evidence of abuse or harm to her children, and that the interim order issued without a hearing and without an opportunity for Galvani to rebut the

---

[1]Galvani subsequently filed an amended complaint on April 2, 2008.

accusations against her. Galvani alleges that a "pretrial conference" was held on March 6, 2008, before Judge Maria Musti Cook. Immediately prior to the conference, the Williamses submitted a new petition alleging that Galvani provided her children with inadequate living arrangements. Her attorney, Swartz, told her not to worry because new petitions were customary in such circumstances. Galvani alleges that no party presented any factual evidence regarding her alleged unfitness as a parent. Galvani asserts that no testimony was taken, no record maintained, she had no representation and that no trial or hearing was ever held–either before or after her children were seized. Galvani further asserts that her parental rights have not been terminated, and there has been no finding that she is an unfit parent. The pretrial conference resulted in an "Order of detention" authorizing the Williamses to care for Galvani's children. According to the order issued after the pretrial conference, a trial was scheduled for May 2008.[2] (See Cmnwlth.'s Mot. to Dismiss, Ex. A.) In March 2008, Galvani filed this lawsuit.

The District Court correctly determined that the Commonwealth and the DCA York enjoy Eleventh Amendment immunity from suit in federal court. See Lombardo v. Pennsylvania, 540 F.3d 190, 194-95 (3d Cir. 2008). Noting that Pennsylvania has not waived this immunity from suit in federal court and that Congress, in enacting §§ 1983 and 1985(3), has not sought to abrogate this immunity through its enforcement power

---

[2]On a motion to dismiss, we may consider the facts alleged in the complaint as well as "matters of public record, orders, exhibits attached to the complaint, and items appearing in the record of the case." See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994).

pursuant to § 5 of the Fourteenth Amendment, the District Court properly concluded that Galvani's claims against these defendants must fail. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989).[3]

Defendant Carr is also immune pursuant to the doctrine of quasi-judicial immunity. Galvani asserts that Carr is an attorney and custody conciliator working for the DCA York. Under the York County Rules of Civil Procedure, a custody conciliator assists the family court in conducting a conciliation conference shortly after a complaint is filed. York R. Civ. P. 1915(3)(b)(1). The conciliator has authority to address interim orders, the appointment of counsel for the child, the allocation of costs, and any issues approved by the court. York R. Civ. P. 1915.3(b)(7)(a)-(i). As court-appointed officers, custody conciliators perform quasi-judicial functions and exercise the kind of discretion protected by judicial immunity. See Butz v. Economou, 438 U.S. 478, 512 (1978) (holding that officials who perform quasi-judicial functions in administrative agency adjudications are entitled to the same immunities afforded to judges at common law); Hughes v. Long, 242 F.3d 121, 126 (3d Cir. 2001). Accordingly, Galvani's claims against Carr were properly dismissed.

Galvani's remaining federal claims also fail because neither Swartz nor the Williamses are "person[s] acting under color of state law" for the purposes of § 1983.

---

[3]This conclusion also applies to Galvani's claim under § 1986 because such a claim cannot succeed unless predicated on a valid § 1985 claim. See Rogin v. Bensalem Twp., 616 F.2d 680, 696 (3d Cir. 1980).

4

Finally, the District Court did not abuse its discretion in refusing to exercise supplemental jurisdiction over Galvani's state law claims once it had dismissed the claims over which it had original jurisdiction. See Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 175, 181 (3d Cir. 1999).[4]

For the aforementioned reasons, we will affirm the order of the District Court. We agree with the District Court that Galvani's claims involving child custody issues are appropriately addressed by the state courts, not federal courts. In light of our disposition, Galvani's motions to compel and motion for trial are denied.

---

[4]The District Court observed that Galvani could pursue her state law claims against some of the defendants in state court, but it did not grant Galvani leave to amend her complaint to assert federal constitutional claims. We believe this was proper because amendment of the complaint to state constitutional claims against the named defendants – all either immune or not state actors – would have been futile. Phillips, 515 F.3d at 236. Notably, in her memoranda in opposition to defendants' motions to dismiss in the District Court, Galvani identified no other defendants that she would name if granted leave to amend.